IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STUDENTS FOR JUSTICE IN PALESTINE
AT THE UNIVERSITY OF SOUTH FLORIDA,

   *Plaintiff*,

v.                              Case No.: 1:23cv281-MW/HTC

RONALD DESANTIS, et al.,

   *Defendants*.
_____/

**ORDER GRANTING MOTION TO DISMISS AND DISMISSING
COMPLAINT AGAINST ALL REMAINING DEFENDANTS**

On January 26, 2024, this Court heard the Board of Governors members' and Chancellor's motion to dismiss. ECF No. 61. Defendant moves to dismiss Plaintiff's claim against them for, among other things, failure to allege sufficient facts to establish standing at the pleading stage. As it must, this Court first addresses this threshold jurisdictional issue.

Ordinarily, a motion to dismiss for lack of subject matter jurisdiction "can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). " 'Facial attacks' on the complaint 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his

complaint are taken as true for the purposes of the motion.' " *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). " 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *Id*.

"These two forms of attack differ substantially." *Id*. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Id*. (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). But when an attack is factual, this Court has "substantial authority . . . to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. (quoting *Williamson*, 645 F.2d at 412–13). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude [this Court] from evaluating for itself the merits of jurisdictional claims." *Id*.

Here, Defendants do not identify whether their motion raises a facial or factual challenge to Plaintiff's standing to proceed against them. But, as the parties agreed on the record at the hearing, the material facts are largely undisputed with respect to Plaintiff's standing. Moreover, the parties' arguments concerning Plaintiff's standing have centered on matters outside of the pleadings and the record that Plaintiff has developed in an attempt to support its standing arguments. To the extent Defendants

2

raise a factual attack on Plaintiff's standing, this Court incorporates by reference its analysis from its order denying Plaintiff's motion for preliminary injunction as to the deficiencies in the record with respect to Plaintiff's standing. *See* ECF No. 79 at 6–19.

In an abundance of caution, however, this Court also considers Defendants' motion as raising a facial challenge to Plaintiff's alleged standing. In so doing, this Court considers whether Plaintiff's complaint (and all attachments thereto) "clearly alleges facts demonstrating each element [of standing]." *Glynn Env. Coalition, Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1241 (11th Cir. 2022) (internal quotation marks omitted).

To establish standing, Plaintiff must show (1) that it has suffered an injury-in-fact that is (2) traceable to Defendants and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Plaintiff alleges that the Chancellor's memorandum (issued "in consultation with" Defendant DeSantis) threatens to eliminate the benefits of official recognition as a student organization, and it has forced Plaintiff "to divert time and resources to defending its reputation and trying to vindicate its constitutional rights rather than focusing on its mission." ECF No. 1 ¶¶ 57–58. Plaintiff asks this Court to "[i]ssue preliminary and permanent injunctive relief enjoining" Defendants "from deactivating USF SJP." ECF No. 1 at 16.

3

Beginning with the injury-in-fact requirement, Plaintiff's factual allegations and all reasonable inferences drawn therefrom in Plaintiff's favor fail to demonstrate a cognizable injury-in-fact. Plaintiff argues that it has sufficiently alleged that (1) its members and prospective members have had their speech and association chilled, (2) that the organization has suffered reputational harm, and (3) that the threat of deactivation itself harms Plaintiff. This Court will address the deficiencies with each asserted injury, beginning with chilled speech and association.

To start, Plaintiff does not even allege that anyone has been chilled. Instead, Plaintiff alleges that it has only held one on-campus event during the Fall 2023 semester—namely, a bake sale. ECF No. 1 ¶¶ 40–41. Plaintiff asks this Court to infer that, based on this single factual allegation, Plaintiff has either chosen not to schedule additional events or has cancelled pre-planned events because of the threat of deactivation or some hypothetical criminal investigation. But Plaintiff contradicts its own factual allegations—and any reasonable inference this Court could draw in Plaintiff's favor—with an exhibit that Plaintiff attached to its complaint. This exhibit advertises a co-sponsored event in November, after the Chancellor issued his memorandum, and demonstrates that Plaintiff has continued to speak and organize additional events even after the Chancellor issued his memorandum. *See id*. at 23. Moreover, Plaintiff's complaint is devoid of any other factual allegations from which this Court could reasonably infer that Plaintiff's members or prospective members

4

are *reasonably* chilled from speaking or associating with Plaintiff, or that they continue to speak or associate but face a credible threat of prosecution for doing so. As discussed in more detail below, Plaintiff has not plausibly alleged that deactivation is imminent. Nor has Plaintiff alleged any facts giving rise to a reasonable inference that Plaintiff or its members face any imminent criminal investigation. In short, Plaintiff's complaint fails to plausibly demonstrate a cognizable injury based on chilled speech or association.

As to reputational harm, Plaintiff does not even allege that it has suffered any harm to its reputation. Even so, "naked assertions of reputational harm fall short of plausibly establishing injury." *McNaught v. Nolen*, 76 F. 4th 764, 771 (8th Cir. 2023) (citation and internal quotation marks omitted). Instead, "a plaintiff alleging reputational harm must show *how* the defendant's actions harm her reputation." *Id*. at 772. Here, Plaintiff has failed to allege any facts permitting the reasonable inference that its reputation has, in fact, been harmed and how it has been harmed.

Instead, Plaintiff has alleged that it has been forced to divert resources to defend its reputation and to vindicate its constitutional rights. ECF No. 1 ¶ 57. But Plaintiff has not argued that it has suffered some diversion-of-resources injury, and this Court cannot and will not make the argument for Plaintiff. Moreover, to the extent Plaintiff would rely on this single allegation concerning diversion of

resources, it is conclusory, and therefore, insufficient to demonstrate a plausible injury-in-fact at the pleading stage.

Finally, Plaintiff's factual allegations do not permit a reasonable inference that the threat of deactivation is imminent. Plaintiff's complaint describes the Chancellor's memorandum which arguably ordered Plaintiff's university president to deactivate their organization and the Governor's self-congratulatory comments regarding deactivating Plaintiff at a November 8th Republican presidential debate. ECF No. 1 ¶¶ 3, 44–45; *id*. at 20 (exhibit of Chancellor's memorandum attached to complaint). But the Plaintiff *also* alleges that after the Governor's comments at the presidential debate, the Chancellor stated on the record at a public Board of Governors meeting that Plaintiff had *not* been deactivated, and that he "acknowledged that the student groups at issue, including USF SJP, are 'not subservient or under the National Students for Justice in Palestine.' ECF No. 1 ¶¶ 46–47.

Importantly, Plaintiff alleges that the University of South Florida had "received legal advice that 'raises concerns about potential personal liability for university actors who deactivate the student-registered organizations." *Id*. ¶ 48. Plaintiff also alleges that a spokesman for the Governor later stated that "it was 'reprehensible to see some university administrators, after the fact, creating bureaucratic roadblocks' to dismantling [Plaintiff]." *Id*. ¶ 50. Given Plaintiff's

allegations regarding the University officials' liability concerns and the Governor's spokesman's acknowledgment that University officials had created " 'bureaucratic roadblocks' to dismantling Plaintiff," the only reasonable inference this Court can draw from Plaintiff's allegations is that the University is not moving forward with deactivation. Thus, notwithstanding the fact that no one has expressly said that they will not deactivate Plaintiff, the facts as alleged do not permit a reasonable inference that anyone with the power to do so intends to deactivate Plaintiff going forward. Accordingly, Defendant's motion, ECF No. 61, is **GRANTED**. Plaintiff's claim against the members of the Board of Governors and the Chancellor is **DISMISSED without prejudice for lack of jurisdiction.**

Finally, although the members of the Board of Trustees and President Law have not moved to dismiss Plaintiff's complaint, this Court has an independent obligation to determine whether it has jurisdiction at each stage in the proceeding as to each Defendant. For the same reasons set out above, this Court concludes that Plaintiff lacks standing to proceed against the University Defendants. Accordingly, Plaintiff's claim is also **DISMISSED without prejudice for lack of jurisdiction.**

Going forward, Plaintiff has three options. Plaintiff may file an amended complaint in the event Plaintiff is able to allege additional facts that establish standing. Plaintiff may appeal this Order after this Court enters judgment. Or Plaintiff may notify this Court that it does not intend to appeal or amend and may

file a new case at a later date if it so chooses. **On or before Thursday, February 15, 2024**, Plaintiff must either file an amended complaint or, if Plaintiff does not intend to amend its complaint, Plaintiff must file a notice with this Court indicating how it intends to proceed.

    **SO ORDERED on February 1, 2024.**

                                         <u>s/Mark E. Walker        </u>
                                         **Chief United States District Judge**